```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ROBERT SAXON,                   :
     Plaintiff,                 :
                                :
v.                              :     3:24cv807(AWT)
                                :
STATE OF CONNECTICUT, et al.,   :
     Defendants.                :
```

**ORDER RE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The plaintiff filed a motion for leave to file an amended complaint. For the reasons set forth below, his motion is being denied.

## I.    BACKGROUND

Pro se plaintiff Robert Saxon is an inmate who brought this civil rights action against various Department of Correction employees on May 2, 2024. He named as defendants the State of Connecticut, the Department of Correction, Commissioner Quiros, District Administrator Nick Rodriguez, New Haven Correctional Center ("NHCC") Warden Martin, NHCC Administrative Remedy Coordinator, Corrigan-Radgowski Administrative Coordinator, Counselor King, Correction Officer Pluszynski, Lieutenant Dousis, Lieutenant Hobert, and unknown correctional officers. He sues Commissioner Quiros, District Administrator Rodriguez, Officer Pluszynski, Lieutenant Dousis, and unknown correctional

officers in their official capacities, and the remaining defendants in both their official and individual capacities.

On July 3, 2024 the court issued an Initial Review Order dismissing all claims against all defendants except the individual capacity Fourteenth Amendment claim against defendants Jamilee Dousis and Nick Rodriguez. The court allowed the plaintiff to proceed on a substantive due process claim and a procedural due process claim against each of these defendants.

In the Initial Review Order, the court set a deadline to amend the complaint of 30 days from July 3, 2024, which gave the plaintiff until Monday, August 4—because otherwise the last day would have not been a business day. The court set February 1, 2025 as the deadline for discovery and March 3, 2025 as the deadline for dispositive motions. At the request of the plaintiff, the court subsequently extended the discovery deadline to April 18, 2025 and the dispositive motions deadline to May 17, 2025.

On October 29, 2024 the defendants provided the plaintiff with their initial discovery disclosures. On January 6, 2025 the plaintiff filed a motion for additional discovery. On January 7, 2025 the defendants objected to each of his requests. The plaintiff's deposition was taken on January 16, 2025.

On March 6, 2025, the defendants received interrogatories from the plaintiff directed to each of defendants Dousis and

2

Rodriguez. These defendants responded to the interrogatories on March 25, 2025 and mailed them to the plaintiff. On March 28, 2025, the plaintiff rejected delivery of the envelope containing the responses to these interrogatories without opening it because there was tape on the back of the envelope.

On May 15, 2025, the defendants filed their motion for summary judgment. The plaintiff filed an opposition on June 3, 2025, and the defendants filed a reply on June 11, 2025.

Also on June 3, 2025, the plaintiff filed a motion for leave to file an amended complaint. He seeks to add a new plaintiff, to add new defendants and to add new claims. He seeks to do so not only long after the deadline for filing amendments to the complaint has passed but also after the deadlines for both discovery and dispositive motions have passed. Thus, the plaintiff is also requesting that the scheduling order be modified.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "When a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, he must satisfy the good cause requirement of Fed. R. Civ. P. 16(b) . . ." <u>Lincoln v. Potter</u>, 418 F. Supp. 2d 8443, 453 (S.D.N.Y. 2006). "'Good cause' requires a greater showing

than 'excusable neglect.' At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Pyke v. Cuomo, No. 92CV554(NPM/DRH), 2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004) (internal citations omitted).

Federal Rule of Civil Procedure 15(a)(2) governs the plaintiff's motion to amend his complaint. It provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). See also, Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."(citing Foman, 371 U.S. at 182)). "We have

4

referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A., 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted). "In determining what constitutes 'prejudice', we consider whether the assertion of the new claim would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (internal quotation marks and citation omitted). See also AEP Energy, 626 F.3d at 725-25 (An "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." (internal quotation marks and citation omitted)).

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

> With respect to the interaction of Rules 15(a) and 21, it has been held that Rule 15(a) generally governs the amendment of complaints, but in the case of proposed

5

amendments where new defendants are to be added, Rule 21 governs. The perceived supremacy of Rule 21 is, however, of no practical consequence, since it is generally held that the standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21.

Meyers v. Kishimoto, No. 3:14CV535(CSH), 2015 WL 4041438, at *3 (D. Conn. July 1, 2015) (quotation marks and citations omitted).

In deference to the plaintiff's pro se status, the court has evaluated his motion under the standards governing motions under Rule 15(a)(2).

### III. DISCUSSION

The plaintiff's motion should be denied because granting the motion would result in undue prejudice to the defendants. "[P]rejudice to the opposing party resulting from a proposed amendment [is] among the most important reasons to deny leave to amend." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quotation marks and citation omitted). "Moreover, permitting [a] proposed amendment would . . . [be] especially prejudicial [when] . . . discovery ha[s] already been completed and [the defendant] ha[s] already filed a motion for summary judgment." Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985).

Here, the plaintiff did not file a motion for leave to amend the complaint until June 3, 2025, when he filed his opposition to the motion for summary judgment. He failed to file

his motion even though all of the information he needed to add the defendants he seeks to add had been made available by no later than March 28, 2025, several weeks before the defendant filed their motion for summary judgment. Moreover, he had the relevant information about some of the proposed defendants in 2024.

    Proposed defendant Warden Martin was named in the original complaint. Proposed defendant An Jeanette McKenzie was named in the original complaint and proposed defendant Correctional Officer Torres is named in an attachment to the original complaint; both were also named in the responses to the interrogatories the plaintiff refused to accept on March 28, 2025. Proposed defendant Lieutenant Richard Roberts was disclosed in the initial disclosures that were served on October 29, 2024. Proposed defendant Warden (Ret.) Bryan Viger was disclosed in the responses to the interrogatories the plaintiff refused to accept on March 28, 2025.

    In light of the foregoing, not only has the plaintiff unduly delayed seeking to amend the complaint, but granting it would be unduly prejudicial to the defendants. For the same reasons, the plaintiff has failed to satisfy the good cause standard for granting a motion to amend the scheduling order in this case.

**IV. CONCLUSION**

For the reasons set forth above, the Plaintiff's Pro Se Motion for Leave to File Amended Complaint (ECF No. 47) is hereby DENIED.

It is so ordered.

Signed at Hartford, Connecticut, this 25th day of August 2025.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge
